CV-13- 6842

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MOHAMED AITYZOUNKAD and
BARA HASAN

                  Plaintiff,

- against -

THE CITY OF NEW YORK,
P.O. GOODCHILD (Shield # 227)
P.O. "JOHN DOE" #1-10, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                  Defendant.
-----------------------------------------------------------------x

DKT#: SUMMONS ISSUED

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

MATSUMOTO, J.

LEVY, M.J.

Plaintiffs, MOHAMED AITYZOUNKAD and BARA HASAN by their attorneys,

TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MOHAMED AITYZOUNKAD and BARA HASAN are resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. GOODCHILD (Shield# 227), and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about November 4, 2013 at approximately 2:30 p.m. in the parking lot of the Applebee's Restaurant, located at 430 New Dorp Lane, in Staten Island, New York (Richmond County)(hereinafter the "Applebee's parking lot").

14. MOHAMED AITYZOUNKAD and BARA HASAN and other friends were inside of a vehicle in the Applebee's parking lot.

15. Neither MOHAMED AITYZOUNKAD and BARA HASAN, nor their friends, engaged in any suspicious behavior, criminal behavior, or any wrongdoing of any kind.

16. MOHAMED AITYZOUNKAD and BARA HASAN and their other friends were lawfully present in the Applebee's parking lot.

17. P.O. GOODCHILD (Shield# 227), and P.O. "JOHN DOE" # 1-10, approached the Plaintiffs, and their friends, and demanded identification.

18. The Plaintiffs were not free to leave after they were stopped by the Defendant police officers.

19. The Plaintiffs were subjected to an arrest and/or a *defacto* arrest when they were stopped by the Defendant police officers.

20. The Plaintiffs were arrested and/or subjected to a *defacto* arrest without probable cause privilege or consent.

21. Plaintiff, BARA HASAN, was video recording the Defendant police officers with his cellular telephone, which had the capability of recording video footage.

22. Plaintiff, BARA HASAN recorded P.O. GOODCHILD (Shield# 227) who was

standing beside the vehicle which Plaintiffs occupied.

23. P.O. GOODCHILD (Shield# 227) became visibly angry and upset and opened the rear passenger door of the vehicle where Plaintiff BARA HASAN and MOHAMED AITYZOUNKAD were seated, and attempted to grab the cellular telephone which the Plaintiff, BARA HASAN, was using to video record the Defendant police officers.

24. P.O. GOODCHILD (Shield# 227) then grabbed Plaintiff MOHAMED AITYZOUNKAD and said, "shut the fuck up or I'm going to punch you in the face". This statement was recorded on the video footage.

25. MOHAMED AITYZOUNKAD was physically pulled from the car by P.O. GOODCHILD (Shield# 227), thrown up against the vehicle, and searched by the police.

26. The Plaintiffs, and their friends, were unlawfully detained, arrested, and/or subjected to a *defacto* arrest, without probable cause, for approximately 30 minutes. The Plaintiffs were released from custody without any criminal charges.

27. As a result of the foregoing, plaintiffs sustained, inter alia loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

33. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, both plaintiffs were subjected to an illegal, improper and unlawful seizure of their person, and MOHAMED AITYZOUNKAD was subjected to an illegal, improper, and unlawful search of his person, without any probable cause, privilege, or consent.

36. That the seizure of the plaintiffs was objectively unreasonable and in violation of the plaintiff's constitutional rights, and the search of MOHAMED AITZOUNKAD was objectively unreasonable and in violation of the plaintiff's constitutional rights.

37. As a result of the foregoing, plaintiffs sustained, inter alia loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, both plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

40. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

41. As a result of the foregoing, plaintiffs sustained, inter alia loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### FIRST AMENDMENT RETALIATION UNDER 42 U.S.C § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. A citizen's right to freedom of speech is a well-established liberty safeguarded by the First Amendment of the United States Constitution.

44. Defendant, P.O. GOODCHILD (Shield# 227), deprived Plaintiff, BARA HASAN of

his well-established right to Freedom of Speech under the First Amendment of the United States Constitution, as well as his right to be free from the use of Excessive Force as well as a False Arrest and unlawful Search and Seizure.

45. P.O. GOODCHILD (Shield# 227) subjected BARA HASAN to a false arrest, unlawful seizure of his person, and also threatened his friend, MOHAMED AITYZOUNKAD, and subjected MOHAMED AITYZOUNKAD to a false arrest and unlawful search and seizure of his person, all in order to deprive and retaliate against Plaintiff, BARA HASAN, for exercising his First Amendment rights under the United States Constitution and for videotaping the Defendant police officers.

46. The deprivation suffered by the Plaintiffs, BARA HASAN and MOHAMED AITYZOUNKAD would likely deter First Amendment activity in the future.

47. The First Amendment activity of BARA HASAN video recording the stop of the Plaintiffs, and their friends, by the Defendant police officers, was a motivating factor in P.O. GOODCHILD's (Shield# 227) decision to take retaliatory action against the Plaintiffs, BARA HASAN and MOHAMED AITYZOUNKAD.

48. P.O. GOODCHILD's (Shield# 227) retaliatory actions included the constitutional violations set forth in this complaint, and the facts and circumstances set forth above (Paragraphs 13-27). P.O. GOODCHILD (Shield# 227) is liable to both Plaintiffs for Retaliation under this cause of action.

49. As a result of the foregoing, plaintiffs sustained, <u>inter alia</u> loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C § 1983

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. That the level of force employed by defendant, P.O. GOODCHILD (Shield# 227) against Plaintiff, MOHAMED AITYZOUNKAD, was objectively unreasonable and in violation of Plaintiff, MOHAMED AITYZOUNKAD's, constitutional rights.

52. That the level of force employed by defendant, P.O. GOODCHILD (Shield# 227 against Plaintiff, MOHAMED AITYZOUNKAD, was objectively unreasonable and in violation of Plaintiff, MOHAMED AITYZOUNKAD's, constitutional rights.

53. As a result of the foregoing, plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## DAMAGES AND RELIEF REQUESTED

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be subjected to the use of Excessive Force;

    B. Not to be deprived of liberty without due process of law;

    C. To be free from seizure and arrest not based upon probable cause;

    D. To be free from unwarranted and malicious criminal prosecution;

  E. To be free from unlawful and seizure seizure;

  F. To be free from retaliation for exercising their First Amendment rights;

  G. To receive equal protection under the law.

56. By reason of the aforesaid conduct by defendants, both plaintiffs are each entitled to the sum of two-hundred thousand dollars ($200,000.00) in compensatory damages, two-hundred thousand dollars ($200,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper;

**WHEREFORE,** Plaintiff demands judgment in the sum of two-hundred thousand dollars ($200,000.00) in compensatory damages, two-hundred thousand dollars ($200,000.00) in punitive damages in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action for Plaintiff BARA HASAN; and

**WHEREFORE,** Plaintiff demands judgment in the sum of two-hundred thousand dollars ($200,000.00) in compensatory damages, two-hundred thousand dollars ($200,000.00) in punitive damages in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action for Plaintiff MOHAMED AITYZOUNKAD; and

Dated: New York, NY
   December 5, 2013

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832